**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

**THOMAS HACH,**

      **Petitioner,**

    **v.**                          **CASE NO. 2:06-cv-0463**

                                        **JUDGE GRAHAM**
**JAMES ERWIN, Warden,**          **Magistrate Judge Abel**

      **Respondent.**

**OPINION AND ORDER**

On June 29, 2006, the Magistrate Judge issued a *Report and Recommendation* pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts recommending that the instant petition for a writ of habeas corpus pursuant to 28 U.S.C. §2254 be dismissed as barred by the one-year statute of limitations under 28 U.S.C. §2244(d). Petitioner has filed objections to the Magistrate Judge's *Report and Recommendation*. Doc. No. 16. For the reasons that follow, petitioner's objections are **OVERRULED** and this case is hereby **DISMISSED.**

Petitioner's conviction became final on February 17, 2001, forty-five days after the Ninth District Court of Appeals' January 3, 2001, dismissal of petitioner's direct appeal, when the time period expired to file a timely appeal to the Ohio Supreme Court.[1] *Searcy v. Carter*, 246 F.3d 515, 518-19 (6th Cir. 2001); Ohio Supreme Court Rule of Practice II, Section 2(A)(1)(a). The statute of limitations expired one year later, on February 17, 2002. As discussed by the Magistrate Judge, none of petitioner's subsequent state court filings tolled the running of the statute of limitations

---

[1] Petitioner correctly notes that the Magistrate Judge erroneously indicated that petitioner's conviction became final on November 1, 1999. *See Objections*.

under 28 U.S.C. §2244(d)(2), since all such actions were filed after the statute of limitations had already expired.  "The tolling provision does not... 'revive' the limitations period (*i.e.*, restart the clock at zero); it can only serve to pause a clock that has not yet fully run." *Vroman v. Brigano,* 346 F.3d 598, 601 (6th Cir. 2003), citing *Rashid v. Khulmann*, 991 F.Supp. 254, 259 (S.D.N.Y. 1998). The instant petition was not signed until 5/24/2006, nor filed until June 14, 2006.

Petitioner, however, objects to dismissal of his habeas corpus petition as time-barred.  He objects to the Magistrate Judge's *sua sponte* raising the issue of statute of limitations as improper. Petitioner's objection is not well taken.  District courts may *sua sponte* consider the issue of statute of limitations in habeas corpus cases, so long as the parties are given fair notice and an opportunity to present their positions on the issue. *Day v. McDonough*, 126 S.Ct. 1675, 1684 (2006).  On August 11, 2006, the Court granted petitioner's request for extension of time to file objections, and petitioner has been given ample opportunity to respond to the Magistrate Judge's recommendation of dismissal on statute of limitations grounds via his objections.   Petitioner's objection is **OVERRULED**.

Petitioner next asserts that equitable tolling of the statute of limitations is appropriate. Petitioner states that he was hospitalized from May 2000, until May 2003 "having been diagnosed with cancer of the larynx, during which time petitioner underwent multiple surgeries," and argues that the time period between February 17, 2001 and May 2003 must be equitably tolled. *Objections*, at 5.

"[P]etitioner bears the... burden of persuading the court that he or she is entitled to equitable tolling." *Griffin v. Rogers,* 308 F.3d 647, 653 (6th Cir.2002).  Equitable tolling should be used sparingly. *Cook v. Stegall*, 295 F.3d 517, 521 (6th Cir. 2002); *Graham-Humphreys v. Memphis*

*Brooks Museum of Art, Inc.,* 209 F.3d 552, 560 (6th Cir.2000) (citations omitted).  "Typically, equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Id.* at 560-61.

> The Supreme Court has explained that "[w]e have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass." *Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990). However, "[w]e have generally been much less forgiving ... where the claimant failed to exercise due diligence in preserving his legal rights." *Id.; cf. Baldwin County Welcome Ctr. v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984) ("One who fails to act diligently cannot invoke equitable principles to excuse that lack of diligence.").

*Jurado v. Burt*, 337 F.3d 638, 642-43 (2003).  In order to determine whether to equitably toll the statute of limitations, the Court must consider the following five factors:

> (1) the petitioner's lack of notice of the filing requirement; (2) the petitioner's lack of constructive knowledge of the filing requirement; (3) diligence in pursuing one's rights; (4) absence of prejudice to the respondent; and (5) the petitioner's reasonableness in remaining ignorant of the legal requirement for filing his claim.

*Id.*, at 643, citing *Dunlap v. United States*, 250 F.3d 1001, 1008 (6th Cir. 2001); *Andrews v. Orr*, 851 F.2d 146, 151 (6th Cir. 1988).

There is no reason to conclude that petitioner lacked notice or constructive knowledge of the one-year filing requirement in habeas corpus cases, nor would petitioner have been reasonable in remaining ignorant of the statute of limitations in habeas corpus cases during the time period at issue here.  Lack of actual notice, and "ignorance of the law, even for an incarcerated *pro se* petitioner generally does not excuse [late] filing." *Fisher v. Johnson,* 174 F.3d 710, 714-15 (5th Cir.1999); *see also United States v. Baker,* 197 F.3d 211, 218 (6th Cir. 1999); *Rose v. Dole*, 945 F.2d 1331, 1335

(6th Cir. 1991); *Winkfield v. Bagley*, 66 Fed.Appx. 578, unpublished, 2003 WL 21259699 (6th Cir. May 28, 2003).

> Even those not versed in the law recognize the centuries-old maxim that "ignorance of the law is no excuse." This maxim, deeply embedded in our American legal tradition, reflects a presumption that citizens know the requirements of the law. The benefits of such a presumption are manifest. To allow an ignorance of the law excuse would encourage and reward indifference to the law. Further, the difficulty in proving a defendant's subjective knowledge of the law would hamper criminal prosecutions.

*United States v. Baker, supra*, 197 F.3d at 218.

Further, petitioner has failed to provide any support for his allegation that he was unable to litigate his claims from February 2001 until May 2003 due his illness or hospitalization. "[A] habeas petitioner must allege more than the 'mere existence of physical or mental ailments' in order to qualify for equitable tolling; he must show that his... problems rendered him unable to file a habeas petition within the one-year limitations period." *Waters v. Renico*, 2005 WL 1838625 (E.D. Michigan July 29, 2005), citing *Brown v. McKee*, 232 F.Supp.2d 761, 767 (E.D.Mich.2002) (citing to *Nara v. Frank,* 264 F.3d 310, 320 (3d Cir.2001)); *see also Price v. Lewis*, 119 Fed.Appx. 725, 726-27, unpublished, 2005 Fed.App. 0012N (6th Cir. Jan. 5, 2005), *rehearing en banc denied,* April 6, 2005)(same), citing *Miller v. Runyon*, 77 F.3d 189, 191 (7th Cir.1996); *Rhodes v. Senkowski*, 82 F.Supp.2d 160, 168-70 (S.D.N.Y.2000)(other citations omitted). Further, even assuming that equitable tolling of the statute of limitations is appropriate from February 2001 until May 2003, petitioner has failed to explain why he waited three more years before filing the instant habeas corpus petition, in June 2006. Petitioner states that he filed a petition for post conviction relief on August 18, 2003, and a motion for delayed appeal in December 2003. Therefore, the record is fails to reflect that petitioner was unable to litigate his claims at least from August 2003, or that petitioner

4

was diligent in pursuing his claims.  Further, respondent will certainly suffer some prejudice, if only

in terms of time and expense, were this Court to equitably toll the statute of limitations in this case.

*See Jurado v. Burt, supra.*

Petitioner also contends that his actual innocence justifies equitable tolling of the statute of

limitations in this case.  *Objections*, at 6.

> The United States Supreme Court has held that if a habeas petitioner
> "presents evidence of innocence so strong that a court cannot have
> confidence in the outcome of the trial unless the court is also satisfied
> that the trial was free of nonharmless constitutional error, the
> petitioner should be allowed to pass through the gateway and argue
> the merits of his underlying claims." *Schlup*, 513 U.S. at 316, 115
> S.Ct. 851. Thus, the threshold inquiry is whether "new facts raise[ ]
> sufficient doubt about [the petitioner's] guilt to undermine confidence
> in the result of the trial." *Id.* at 317, 115 S.Ct. 851. To establish actual
> innocence, "a petitioner must show that it is more likely than not that
> no reasonable juror would have found petitioner guilty beyond a
> reasonable doubt." ... *Id.* at 327, 115 S.Ct. 851. The Court has noted
> that "actual innocence means factual innocence, not mere legal
> insufficiency." *Bousley v. United States*, 523 U.S. 614, 623, 118 S.Ct.
> 1604, 140 L.Ed.2d 828 (1998). "To be credible, such a claim requires
> petitioner to support his allegations of constitutional error with new
> reliable evidence--whether it be exculpatory scientific evidence,
> trustworthy eyewitness accounts, or critical physical evidence--that
> was not presented at trial." *Schlup,* 513 U.S. at 324, 115 S.Ct. 851.
> The Court counseled however, that the actual innocence exception
> should "remain rare" and "only be applied in the 'extraordinary case.'"
> *Id.* at 321, 115 S.Ct. 851.

*Souter v. Jones,* 395 F.3d 577, 589-90 (6th Cir. 2005).  While actual innocence may justify equitable

tolling of the statute of limitations, *id.*, at 599, petitioner has failed to meet this standard here.

Pursuant to 28 U.S.C. 636(b)(1), this Court has conducted a *de novo* review of those portions

of the *Report and Recommendation* objected to by petitioner. For the foregoing reasons, petitioner's

objections are **OVERRULED**.

The *Report and Recommendation* is **ADOPTED** and **AFFIRMED**.  This action is hereby

5

**DISMISSED** as untimely under 28 U.S.C. §2244(d).

      **IT IS SO ORDERED.**

                                                        s/James L. Graham
                                                        JAMES L. GRAHAM
                                                        United States District Judge

DATE:  September 28, 2006